**CLERK'S OFFICE**
A TRUE COPY
May 24, 2024
/s/ Marlilli Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin


AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

 ☑ Original ☐ Duplicate

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of ) | |
| *(Briefly describe the property to be searched* ) | |
| *or identify the person by name and address)* ) | Case No. 24-M-433 (SCD) |
| Timing Advance "True Call" area search for all records and ) | |
| unique device/user identifiers pertaining to Timing Advance ) | |
| location information during the dates, times, and geographical ) | |
| boundaries listed in Attachment A ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ Eastern _____ District of _____ Wisconsin _____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____ 6-7-24 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m. ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Stephen C. Dries _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____ 5-24-24. 9:35 am _____

_____ *Stephen C. Dries* _____
*Judge's signature*

City and state: _____ Milwaukee, WI _____

_____ Honorable Stephen C. Dries, U.S. Magistrate Judge _____
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

| **Certification** |
|---|

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## <u>ATTACHMENT A</u>

**Property to Be Searched**

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times and geographical boundaries (*distance from the GPS points*) of **0.35 Miles** (T-Mobile/US Cellular) and **0.60 Miles (**AT&T):

1.  <u>Location #1</u>

    GPS Coordinates:  43.04161, -87.94154

    Date: April 27, 2024                              Time: 4:45 AM – 5:15 AM (CST)

2.  <u>Location #2</u>

    GPS Coordinates:  43.10420, -87.97370

    Date: April 27, 2024                              Time: 6:45 AM – 7:20 AM (CST)

**ATTACHMENT B**

**Items and Information to be seized and searched**

All information that constitutes evidence of violations of Title 18, United States Code, Sections 2119(1) and 2(a) (Carjacking) and 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence), committed on April 27, 2024, at 5:00 a.m., involving two unknown individuals, including location information and identifying information as specified below.

1. T-Mobile/US Cellular/AT&T shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

   a. The unique identifiers for each wireless device that generated a Timing Advance "true call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI", International Mobile Equipment ("IMEI"), and the make and model of the device;

   b. The starting and ending date/time of the connection along with the duration, originating/terminating phone numbers, and type of communication (voice/text/data);

   c. For each communication with the network, the tower and the sector(s) (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

   d. The service type for the communication; and;

   e. The estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call", LOCDBOR records, or similar.

11

2. These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3. It is anticipated that identifying information will be requested for devices whose characteristics meet any of the following criteria:

    a. Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4. However, it is noted that no subscriber information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.

12



CLERK'S OFFICE
A TRUE COPY
May 24, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the dates, times, and geographical boundaries listed in Attachment A

)
)
)
)
)
)

Case No.  24-M-433 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

located in the _____Eastern_____ District of _____Wisconsin_____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2119(1) and 2(a) | Carjacking |
| 18 U.S.C. §924(c)(1)(A)(ii) | Brandishing a Firearm During and In Relation to a a Crime of Violence |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

PAUL KOZELEK   Digitally signed by PAUL KOZELEK
Date: 2024.05.23 10:42:56 -05'00'

*Applicant's signature*

Paul Kozelek, Special Agent - ATF

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means)*.

Date:  5-24-24

*Judge's signature*

City and state:  Milwaukee, WI          Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Paul Kozelek, being first duly sworn on oath, on information, and belief state:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant for records and information associated with certain cellular towers ("cell towers") and records generated by the cellular networks that are in the possession, custody, and/or control of the following companies: T-Mobile, a cellular service provider headquartered at 4 Sylvan Way, Parsippany, New Jersey 07054; US Cellular, a cellular service provider headquartered at 8410 W. Bryn Mawr Ave, Chicago, IL; and AT&T, a cellular service provider headquartered at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408. The information to be searched is described in the following paragraphs and in Attachment A. This affidavit is made in support of an application for a search warrant under Title 18 U.S.C. §2703(c)(1)(A) to require T-Mobile/US Cellular/AT&T to disclose to the government copies of the information further described in Attachment B.

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January of 2020.  Prior to my employment with ATF, I was a Sheriff's Deputy with the Jackson County Sheriff's Office in Black River Falls, WI.  My duties included patrol, drafting and executing search warrants, and investigations related to state and county criminal violations.  Previous to my tenure with the Jackson County Sheriff's Office, I served with the United State Marine Corps from 2004 until 2008, and the United States Marine Corps Reserve from 2011 until 2014. I left the Marine Corps as an E6/Staff Sergeant holding the billet of Platoon Commander.  I received my Bachelor's Degree in Criminal Justice Administration from Viterbo University, in La Crosse, Wisconsin, in 2016.

1

3.      I have completed approximately 26 weeks of training at the Federal Law Enforcement Training Center in Glynco, Georgia, as well as the ATF National Academy.  That training included various legal courses related to constitutional law as well as search and seizure authority.  Additionally, I have received training on how to conduct various tasks associated with criminal investigations, such as interviewing, surveillance, and evidence collection.

4.      I have previously applied for and received search warrants related to cell site data and other related cellphone company records.

5.      This affidavit is based upon my personal knowledge as well as information provided to me by other federal, state, and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon information gathered from interviews of citizen witnesses, reports, official records, law enforcement reports, and my training and experience.

6.      Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. §§ 2119(1) and 2(a) (Carjacking) and 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence) were committed by multiple unknown individuals, as described below.  There is also probable cause to search the information described in Attachment A for evidence of these crimes as further described in Attachment B.

## PROBABLE CAUSE

7.      On April 27, 2024, at approximately 4:00 AM, a female, hereinafter referred to as A.W. (DOB XX/XX/1999), left her place of work at the Potawatomi Casino located at 1721 W. Canal St. in Milwaukee, Wisconsin. A.W. drove to her residence and parked in front of 2298 W. Kilbourn Avenue in Milwaukee (Location 1) at approximately 4:06 AM.  A.W. told police she fell asleep in the driver's seat of her vehicle.  At approximately 5:00 AM, she was awoken by Suspect

2

1 and Suspect 2 opening the doors of her vehicle. A.W. stated Suspect 1, a black male wearing a facemask and holding a handgun, demanded she exit the vehicle, while Suspect 2 opened the rear passenger door, also masked and holding a handgun. A.W. exited her vehicle and Suspect 1 entered the driver's seat while Suspect 2 entered the front passenger seat and drove off with the vehicle. A.W. immediately called police to report the incident.

8.     A.W.'s stolen vehicle was described as a 2023 Toyota Camry, silver in color bearing Wyoming license plate 019219. This vehicle was rented from Enterprise Rent A Car. A.W. contacted Enterprise and was given location information for the vehicle.  At 7:20 AM, officers were notified the vehicle was parked behind 4801 W. Hampton Ave. (Location 2). This address is a 12-unit apartment building.  Officers arrived and located the vehicle parked in the rear parking lot for the building.  Officers canvased the apartment building and spoke with several tenants. As officers were outside the building, they could hear a male and female inside of apartment #1 through an open window. When officers tried to get their attention to open the locked outer door to the building, they shut the window. When officers did get inside, they knocked on apartment #1's door, which was partially open. A female with pink hair answered but the male told her to close the door. A few minutes later, the male and female exited the apartment and officers approached. The male denied knowing about the stolen vehicle and did not have any information, then the two quickly left. The investigation into the identity of the male and female is ongoing.

9.     Later, as the Toyota Camry was being towed, a female, identified hereinafter as T.S., asked why the vehicle was being towed and stated "they just moved in."  Upon questioning T.S. stated at about 7:00 AM that morning she was in the parking lot and saw the male exit the driver's seat and the female "with pink hair" exit the passenger's seat of the same Toyota Camry.

Officers showed body camera footage to T.S. who confirmed it was the male and female from apartment #1 and who exited the Toyota Camry earlier that morning.

10.     The vehicle was processed by MPD and three latent prints were lifted. One of these prints was a palm print from the exterior of the passenger's side rear window. This matched to Anthony T. TATE (M/B DOB XX/XX/2000). A review of TATE's criminal history showed a felony conviction on October 24, 2018, Waukesha Co. case #2018CF001101 for drive/operate vehicle without owner's consent, and on April 21, 2022, Milwaukee Co. case #22020CF002387 robbery with threat of force.

11.     At this point, the investigation is ongoing to determine the identity of the carjacking suspects and whether TATE was involved in any way.

12.     Based on my training and experience, individuals carry their cellular phones on their person or in a very close vicinity whether it is day or night. Further, most individuals have their own cellular phones, so it is likely the subject(s) cellular phone is using and/or registering with the cellular tower providing service in the general geographic area of the crime.

## TECHNICAL INFORMATION

13.     In my training and experience, I have learned that T-Mobile/US Cellular/AT&T are companies that provides cellular communications service to a significant percentage of the general public. In order to provide this service, many cellular service providers maintain antenna towers ("cell towers") that serve and provide cellular service to specific geographic areas. Each cell tower receives signals from wireless devices, such as cellular phones, in its general vicinity. By communicating with a cell tower, a wireless device can transmit and receive communications, such as phone calls, text messages, and other data.  When sending or receiving communications, a cellular device does not always utilize the cell tower that is closest to it. Additionally, cellular

4

service providers such as T-Mobile, US Cellular, and AT&T also capture historical location data that is generated and derived from a cellular device's interaction with the cellular network. This information may include but not be limited to a cellular device's distance from a particular cell tower and network derived location, which are generally estimates, of the device in latitude and longitude.

14. Based on my training and experience, I also know that each cellular device is identified by one or more unique identifiers. For example, with respect to a cellular phone, the phone will be assigned both a unique telephone number but also one or more other identifiers such as an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The types of identifiers assigned to a given cellular device are dependent on the device and the cellular network on which it operates.

15. Based on my training and experience, I know that cellular providers such as T-Mobile/US Cellular/AT&T in their regular course of business maintain certain types of location data associated with a cellular device based on that cellular device's interaction with the cellular network. For these interactions with the cellular network these records may include unique identifiers for the wireless device that interacted with the network ("the locally served wireless device'); the date, time and duration of the interaction with the network; the cell tower and sector (i.e. face of the tower) that was involved; the distance from the tower and sector that the cellular device was located; and the estimated latitude and longitude of the cellular device. The aforementioned location information is often contained within Timing Advance data, also known

5

as True Call, and/or LOCDBOR data that is captured and controlled by T-Mobile/US Cellular/AT&T.

16.     Furthermore, I also note that information about each transaction, such as the originating and destination phone numbers, duration, date/time, and tower/sector utilized for voice and text communications is also retained in the normal course of business and can be provided in response to this warrant. I note that US Cellular is the provider that will provide voice and text activity in response to an area search based on their processing of the request. The information provided by US Cellular is limited to only the cell sites that are identified within the initial area search parameters.

17.     I note that that in speaking with experts in the field of historical call detail record analysis that the estimated latitude and longitudes of a device on the AT&T network can be sourced from multiple inputs that may vary largely in their accuracy. Due to these estimations, a larger search area is being requested due to these variances in the accuracy.

18.     I note that while the search radius will be larger for AT&T due to the source of the data as noted above, that the analysis will only look for those devices consistent amongst multiple locations and/or consistent with the facts of the crime. Additionally, this information will not be utilized for any further purpose outside the authorization within this warrant.

19.     I know that an "area search" is a term used to obtaining records regularly maintained by the electronic communication service providers through the course of normal business practices and that the records are available to law enforcement through the proper legal demand. An "area search" can be conducted with a smaller search radius than a "tower dump" due to the type of records being queried. While a smaller search radius is used, the information being queried is still based on "estimated locations" of the cellular devices by the network and is

6

not a finite GPS location, and should not be treated as such. Estimated locations can vary based on the network environment, sources of the location estimate, and any data points used by the cellular provider to calculate the location estimate. Specifically, AT&T cell sites are generally less dense than T-Mobile. That in addition to using other inputs that vary widely in accuracy result in a larger search area being requested while still being specific and focused to identify devices within the areas of the specific locations. In summary, the distance provided in this warrant is based upon a review of the cellular network and discussion with experts in the field who have experience requesting and analyzing this information and are used to only identify those cellular accounts whose records would be consistent with being in the area of the location.

20.     I note that this warrant does not authorize any additional account information (including basic subscriber or additional location information) and any further information will be requested via additional legal process.

21.     Furthermore, I note that many returns may only have unique account identifiers (such as an IMSI) which are unable to be searched by law enforcement or attributed to an individual user without additional legal process. Additionally, even if a phone number is provided, I note that identifying the actual user of the device may require additional legal process since additional records outside of the initial search parameters are not authorized within this warrant.

22.     Based upon my experience, I believe that this cell site information can assist in identifying a cellular phone, or multiple cellular phones associated with the crime being investigated. The information for the specific accounts will vary in accuracy; the location information will not be precise GPS location data but more likely a general area. That area could range from a few square blocks to several square miles.

7

23. Based upon my experience, records associated with the area for an extended period of time prior to and following the crime being investigated is required to fully analyze the relevancy of devices found to be in the area. By obtaining information of the devices in the area prior to the crime and after the crime, the one analyzing the records is able to eliminate devices that are native to the area of where the crime occurred.

24. Based on my training and experience and the above facts, information obtained from cellular service providers, such as T-Mobile/US Cellular/AT&T, reveal cell towers (and, where applicable, sectors) that were used and the estimated location information (the distance from the tower and sector and estimated latitude and longitude) of a given cellular device engaged in a particular communication or interaction with the cellular network can be used to show that the device was in the general vicinity of the cell tower or an estimated location at the time the communication or network interaction occurred. Thus, the records described in Attachment A will identify the cellular devices that were in the vicinity of:

    a. Location 1 – 2298 W. Kilbourn Ave., Milwaukee, Wisconsin, 43.04161, -87.94154, on April 27, 2024, from 4:45 AM to 5:15 AM (CST);

    b. Location 2 – 4801 W. Hampton Ave., Milwaukee, Wisconsin, 43.10420, -87.97370, on April 20, 2023, from 6:45 AM to 7:20 AM (CST).

## AUTHORIZATION REQUEST

25. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to title 18 U.S.C. §2703(c) and Federal Rule of Criminal Procedure 41.

26. I further request that the Court direct T-Mobile/US Cellular/AT&T/Verizon to disclose to the government any information described in Attachment B that is within its possession, custody, or control. Because the warrant will be served on T-Mobile/US Cellular/AT&T/Verizon,

who will then compile the requested records at a time convenient to it, reasonable cause to permit the execution of the requested warrant at any time in the day or night.

27.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving the target(s) an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

## ATTACHMENT A

### Property to Be Searched

This warrant applies to a Timing Advance "True Call" area search for all records and unique device/user identifiers pertaining to Timing Advance location information during the following listed dates, times and geographical boundaries (*distance from the GPS points*) of **0.35 Miles** (T-Mobile/US Cellular) and **0.60 Miles (**AT&T):


1.  Location #1

    GPS Coordinates:  43.04161, -87.94154

    Date: April 27, 2024                        Time: 4:45 AM – 5:15 AM (CST)


2.  Location #2

    GPS Coordinates:  43.10420, -87.97370

    Date: April 27, 2024                        Time: 6:45 AM – 7:20 AM (CST)

10

## ATTACHMENT B

### Items and Information to be seized and searched

All information that constitutes evidence of violations of Title 18, United States Code, Sections 2119(1) and 2(a) (Carjacking) and 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence), committed on April 27, 2024, at 5:00 a.m., involving two unknown individuals, including location information and identifying information as specified below.

1. T-Mobile/US Cellular/AT&T shall provide responsive data for each search area described in Attachment A, and are required to disclose to the United States all records and other information (not including the contents of communications) about all communications made and all cellular device interactions with the network that have generated location information that falls within the defined search area during the corresponding timeframe(s) listed in Attachment A, including records that identify:

   a. The unique identifiers for each wireless device that generated a Timing Advance "true call" record within the search area for each location, including International Mobile Subscriber Identifiers ("IMSI", International Mobile Equipment ("IMEI"), and the make and model of the device;

   b. The starting and ending date/time of the connection along with the duration, originating/terminating phone numbers, and type of communication (voice/text/data);

   c. For each communication with the network, the tower and the sector(s) (i.e. the face(s) of the tower(s)) that received a radio signal from the locally served wireless device for both starting and ending points of the communication;

   d. The service type for the communication; and;

   e. The estimated latitude and longitude (along with confidence level) and the distance from the tower for both the starting and ending points of the communication contained within the Timing Advance "True Call", LOCDBOR records, or similar.

11

2. These records should include records about communications and cellular device interactions with the network that were initiated before or terminated after the timeframe(s) identified in Attachment A if some part of the communication occurred during the relevant timeframe(s) listed in Attachment A.

3. It is anticipated that identifying information will be requested for devices whose characteristics meet any of the following criteria:

   a. Devices whose cellular network records; including distance from the tower and/or network derived latitude and longitude; are consistent with the facts of the investigation and would not solely reflect a device passing through.

4. However, it is noted that no subscriber information outside the initial search criteria is authorized by this warrant and additional legal process will be submitted.